[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13900
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-03141-CV-TCB-1

BMU, INC.,

Plaintiff-Counter-
Defendant-Appellant,

WORLD-WIDE CARD SOLUTION, LLC,

Plaintiff-Appellant,

versus

CUMULUS MEDIA, INC.,

Defendant-Counter-
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 16, 2010)

Before CARNES, MARCUS and COX, Circuit Judges.

PER CURIAM:

BMU, Inc. and World-Wide Card Solutions, LLC ("BMU") filed suit against Cumulus Media, Inc., which owns hundreds of radio stations across the country. BMU alleges that Cumulus breached an agreement to distribute BMU's debit cards to its listeners in the Tallahassee, Florida market. The district court granted Cumulus's motion for summary judgment, and denied BMU's summary judgment motion. The court found that BMU failed to file a response to Cumulus's statement of material facts, as required by Local Rule 56.1(B)(2)(a), N.D. Ga. Accordingly, the district court accepted the statement of facts supplied by Cumulus as undisputed. BMU appeals the district court's grant of summary judgment to Cumulus, arguing that it indeed filed a response to Cumulus's statement of material facts

The relevant local rule provides that, "[a] respondent to a summary judgment motion shall include the following documents with the responsive brief: [ ] [a] response to the movant's statement of undisputed facts[, which] shall contain individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts." L.R. 56.1(B)(2)(a)(1). The rules further provide that the district court

> will deem each of the movant's facts as admitted unless the respondent:
> (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number);
> (ii) states a valid objection to the admissibility of the movant's fact; or
> (iii) points out that the movant's citation does not support the movant's

2

fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1).

L.R. 56.1(B)(2)(a)(2).

On September 22, 2008, Cumulus filed its motion for summary judgment and statement of material facts. On October 24, 2008[1], BMU filed its response to Cumulus's motion for summary judgment and two copies of a statement of material facts.[2] (R.3-79, 80, 81.) It appears that the two statements of material facts are identical, except that the second version, (R.1-81), includes an exhibit omitted from the first filing. The local rules allow a "statement of additional facts which the respondent contends are material and present a genuine issue for trial." L.R. 56.1(B)(2)(b). However, the rules first clearly require a "response to the movant's statement of undisputed facts." L. R. 56.1 (B)(2)(a). As noted by the district court, BMU failed to comply with this requirement, despite the fact that Cumulus "pointed out this deficiency in its reply brief in support of its motion for summary judgment." (R.4-91 at 2, citing, R.4-86 at 2.) BMU "did not file a response [to Cumulus's statement of material facts]; all that they filed was their own statement of additional

_____

[1]BMU filed a motion on October 3, 2008 to extend the deadline to respond to Cumulus's motion, which the district court granted. (R.3-76, 78.)

[2]Although not relevant to the issue before this court, on October 31, 2008, BMU filed a motion for summary judgment and a statement of material facts. (R.3-82.) On November 24, 2008, Cumulus filed its response to BMU's motion, and a response to BMU's statement of material facts, as required by the local rules. (R.4-88, 89.)

facts. Although a statement of additional facts is permitted . . . it is not a substitute for a response." (R.5-100 at 3.)

Because BMU failed to file a response to Cumulus's statement of undisputed facts, the district court did not err by deeming "all of the facts set forth in [Cumulus's] statement of facts to be admitted." (R.4-91 at 2.) Given that these facts are deemed admitted, BMU presents no argument to support a conclusion that summary judgment was improperly granted or a conclusion that BMU's motion for reconsideration was improperly denied. And, we find no error in denial of BMU's motion for summary judgment.

AFFIRMED.

4